UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Investment Recovery Fund, Inc.,<br><br>   Plaintiff,<br><br>vs.<br><br>Shmuel Daniel Elmaliach, *et al.*,<br><br>   Defendants. | Case No. 2:25-cv-01099-JAD-MDC<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE (ECF NO. 41) MOTION TO EXTEND TIME TO SERVE (ECF NO. 42)** |

Plaintiff filed a *Motion for Substituted Service of Defendant Shmuel Daniel Elmaliach* ("Alternative Service Motion") (ECF No. 41) and *Motion to Extend Time to Serve Defendant Shmuel Daniel Elmaliach* ("Extend Motion") (ECF No. 42) (collectively "Motions"). The Court **GRANTS** without prejudice the Alternative Service Motion and **GRANTS** the Extend Motion for the reasons set forth below.

**I.   BACKGROUND**

This is a case arising out of alleged misappropriations in investor funds to purchase, renovate, and maintain rental properties in Las Vegas, Nevada. *ECF No. 1*. Plaintiff filed the Motions following various attempts to serve defendant Shmuel Daniel Elmaliach ("Elmaliach"). *ECF Nos. 41*, *42*.

**II.   DISCUSSION**

**A.   General Legal Principles**

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of

1

general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

The Ninth Circuit and the Nevada Rules permit service to be completed through email and certified mail. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail …email… or any other method of communication.").

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to

2

reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

### B.     Plaintiff Has Shown That Service By Email Comports With Due Process

Plaintiff argues to serve Elmaliach by email addresses daniel69254@gmail.com and daniel@im.farm. *ECF No. 41* at 6.

Plaintiff provides Affidavit of Due Diligence ("Affidavit") where plaintiff's private investigator states that he attempted to serve Elmaliach at his last known address several times. *See ECF No. 41-1*; *ECF No. 41* at 5. Plaintiff's private investigator also conducted a skip trace, utility search, and surveilled Elmaliach's last known address for several days in an attempt to locate and serve Elmaliach. *ECF No. 41-1*. As plaintiff cannot find a "current viable residential address for [Elmaliach]" despite these efforts and there is no applicable statute prescribing a specific method of service, the Court finds that service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable here. *ECF No. 41-1* at 3; *see also PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021) (finding that service under Nevada Rules 4.1, 4.3, and 4.4(a) is impracticable when plaintiff attempted multiple times to serve defendant at defendant's last known address and attempted to communicate with defendant via email but did not know where defendant resided and no applicable statute prescribing a method of service exists). The Court additionally finds that plaintiff illustrated due diligence in attempting to locate Elmaliach based on these efforts above. *See* Nev. R. Civ. Pro. 4.4(b)(2)(A).

Plaintiff's counsel provides Elmaliach's last known address in the Affidavit. *ECF No. 41-1*. The Court therefore finds that plaintiff provides sufficient evidence of defendant's known, or last known, contact information.

Plaintiff also shows that service by email to daniel69254@gmail.com and daniel@im.farm comports with due process. An alternative method of service comports with due process so long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

3

the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court has considerable discretion when determining whether alternative service should be permitted. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). In a Declaration, plaintiff's counsel represents that they issued a subpoena *duces tecum* to plaintiff's credit card company and the company produced information showing that the two email addresses are verifiably associated with Elmaliach's active credit card account. *ECF No. 41-2* at 2. Plaintiff's attorney made this Declaration under penalty of perjury. *See id.* at 3. Plaintiff has thus sufficiently shown that Elmaliach actively uses these email addresses to receive information. Given this and the substantial time and resources that plaintiff has put into trying to locate and serve Elmaliach, the Court finds that service by email to daniel69254@gmail.com and daniel@im.farm is reasonably calculated to give Elmaliach notice and an opportunity to respond. *See Mullane*, 339 U.S. at 314; *see also Starken v. Amazon.com, Inc.*, No. 2:25-cv-0045-RFB-EJY, 2025 WL 1640794, *1-2 (D. Nev. May 5, 2025) (allowing plaintiff to serve defendant the complaint and summons by email if plaintiff could find "any email address that is reasonably associated with" defendant because plaintiff had already made reasonable efforts to serve defendant prior).

### C.   Plaintiff Has Shown Good Cause For An Extension Of Time

In the Extension Motion, plaintiff argues for a 15-day extension of time to attempt service on Elmaliach if the Alternative Service Motion is granted and for a 60-day extension if it is denied. *ECF No. 42* at 2. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. The Court finds that plaintiff has shown good cause for an extension of time. As stated above, plaintiff has hired a private investigator who made several attempts to locate and serve Elmaliach. *ECF No. 54* at 5. With good cause appearing, the Court

grants plaintiff's request for an extension of time in order to properly serve Elmaliach. The extension will be for 15 days as the Alternative Service Motion is granted.

### III. CONCLUSION

Plaintiff has sufficiently grounds to grant the Alternative Service Motion. Plaintiff may attempt to serve Elmaliach by email to addresses daniel69254@gmail.com and daniel@im.farm. The Court also grants the Extension Motion for a 15-day extension to serve Elmaliach.

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion for Substituted Service of Defendant Shmuel Daniel Elmaliach* (ECF No. 41) is **GRANTED**. Plaintiff may attempt to serve Elmaliach by email to addresses daniel69254@gmail.com and daniel@im.farm.

2. Plaintiff's *Motion to Extend Time to Serve Defendant Shmuel Daniel Elmaliach* (ECF No. 42) is **GRANTED**. Plaintiff must file proof of service by **November 14, 2025**.

DATED: October 30, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.