**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Investment Recovery Fund, Inc., | Case No. 2:25-cv-01099-JAD-MDC |
| Plaintiff | |
| v. | |
| Schmuel Daniel Elmaliach, et al., | **Order Granting in Part Motion to Expunge Lis Pendens** |
| Defendants | ECF Nos. 44, 45 |
| And related claims and parties | |

Plaintiff Investment Recovery Fund, Inc., (IRF) is the assignee and holder of claims originally held by investors in a cryptocurrency mining business that IRF alleges turned out to be a fraud. Instead of putting those investors' funds into a legitimate business, IRF theorizes, the defendants "used those stolen funds to purchase, renovate, and maintain" three homes in Las Vegas, Nevada, against which IRF recorded a lis pendens.[1] Among its many claims, IRF brings suit under Nevada's Uniform Fraudulent Transfer Act and seeks to "prevent further fraudulent transfers" of those properties.[2]

Defendants Ichi Chen, Zizel, LLC, Zizel Home, LLC, and Bohome, LLC move to expunge those lis pendens.[3] They argue that the Nevada Supreme Court held in *Levinson v. Eighth Judicial District Court* that a lis pendens "must be expunged [if] the action does not directly involve title or possession," and this case does not.[4] But as the Nevada Supreme Court

---

[1] ECF No. 1 at ¶ 13; ECF Nos. 6, 7, 18 (notices of lis pendens).

[2] *Id*. at ¶ 165.

[3] ECF Nos. 44, 45.

[4] ECF No. 45 at 3 (citing *Levinson v. Eighth Jud. Dist. Ct.*, 857 P.2d 18 (Nev. 1993)).

explained in *Tahican, LLC v. Eighth Judicial District Court*, "the availability of a lis pendens in a fraudulent transfer action" was "an issue . . . touched upon but never resolved in *Levinson*."[5] So in *Tahican*, the court clarified that Nevada Revised Statute § 14.010 "does not require the party to show entitlement to the title or possession,"[6] and it "disavow[ed] *Levinson*" to the extent it held otherwise.[7] The *Tahican* court then expressly held that "a fraudulent transfer claim may support a lis pendens [if] the claim seeks to void a real property transfer" because "[w]ithout the creditor's lis pendens, evasive debtors may secure the benefit of their fraudulent transfers and impede collection."[8]

IRF has shown its entitlement to maintain a lis pendens on two of the three properties identified in the complaint: 1568 Shadow Mountain Place and 5735 Madre Mesa Drive. The complaint details that the defendants used investors' money toward the costs of acquiring or renovating these properties and that both were conveyed to conceal fraud.[9] And in the complaint, IRF prays for "[a]voidance of the transfers" and "[t]he imposition of a trust and an equitable lien . . . to prevent . . . further fraudulent transfers of the Shadow Mountain Property and Madre Mesa Property."[10] Thus, the relationship of these two properties to this case brings them squarely within the *Tahican* principles. The same cannot be said of the third property at

---

[5] *Tahican, LLC v. Eighth Jud. Dist. Ct.*, 523 P.3d 550, 553 (Nev. 2023). Conspicuously and troublingly, the defendants didn't acknowledge *Tahican* at all in their motion.

[6] *Id*. at 554.

[7] *Id*.

[8] *Id*. at 555.

[9] *See generally* ECF 1. The court notes that the declaration of Ariel M. Cohn that is attached to the opposition to the motion to expunge lis pendens is not signed, so it was disregarded when deciding this motion. *See* ECF No. 46-1.

[10] ECF 1 at ¶ 165 and prayer for relief D.

1834 Sycamore Trail, however, as that property is not even mentioned in the complaint or IRF's opposition to the motion to expunge lis pendens.

IT IS THEREFORE ORDERED that the motion to expunge lis pendens **[ECF Nos. 44 & 45] is GRANTED as to the Sycamore Trail property, so the lis pendens noticed at ECF No. 18 is expunged; the motion is denied as to the Shadow Mountain and Madre Mesa properties.**

_____
U.S. District Judge Jennifer A. Dorsey
May 13, 2026

3